F. F. PARKER, Appellant, v. HAZEL G. WALSH et al., Appellees.

PRINCIPAL AND AGENT: Compensation—Lien of Agent—Proceeds of Unindorsed Check. A broker who, in effecting a sale for his principal, secures possession of a certified but unindorsed check, payable to the order of his principal, as part of the purchase price, has no lien for his commission on the *funds* on deposit representing said check, even though the broker himself procured the certification of the check and notified the bank-drawee of his claim to a lien on the funds.

Headnote 1: 9 C. J. p. 665 (Anno.)

*Appeal from Des Moines Municipal Court.*—H. H. SAWYER, Judge.

NOVEMBER 24, 1925.

ACTION in equity to establish a broker's lien upon certain funds in the hands of the Des Moines National Bank. The facts appear in the opinion.—*Affirmed.*

*R. R. Nesbitt* and *P. W. Walters,* for appellant.

*Jensen & Connolly,* for appellees Walsh and Lobaugh.

*Miller, Kelly, Shuttleworth & McManus,* for appellee Des Moines National Bank.

FAVILLE, C. J.—Appellant is a real estate broker. Appellees Hazel G. Walsh and John J. Walsh owned certain real estate in the city of Des Moines. Appellee Lobaugh purchased said real estate. Appellant acted as a broker in effectuating said sale. Certain incumbrances were assumed by the purchaser, and a certain amount of the purchase price was to be paid in cash. A down payment of $100 was made by check, which Walsh delivered to appellant as part payment of his commission. At the time of closing the transaction, the purchaser, Lobaugh, executed a check for a further payment of $500. This check was in the usual form, and drawn upon appellee Des Moines National Bank.

It was payable to the order of appellees Hazel G. Walsh and John J. Walsh. The transaction took place at the office of appellant. At that time appellant demanded that the balance of his commission be paid out of the proceeds of the said check of $500. Walsh objected to this. Thereupon appellant took the check to appellee bank and had the same certified. The certification was as follows: "4-5-23  Des Moines National Bank, Certified $500.00.  [Signed] E. J. Harmon, Teller."  Appellant retained the check in his possession after said certification. Subsequently, an indemnity bond was furnished to said bank by Walsh, a duplicate check was issued by the purchaser, Lobaugh, for $500, and the same was paid to Walsh. Thereafter, this appellant instituted action at law against Walsh to recover the amount of his commission, and said cause was prosecuted to a conclusion, and judgment entered in behalf of appellant for the balance due upon his commission. Thereafter, this action was instituted in equity, and by it appellant seeks to establish a lien, to the amount of his judgment, against the funds represented by the said original certified check, on the theory that he has a broker's lien upon said funds. The trial court dismissed appellant's petition.

Appellees make no resistance to appellant's contention that a real estate broker has a lien upon funds, papers, or other property of his principal coming into his possession by virtue of his employment, and we make no pronouncement upon this question, but assume such to be the rule. The question then arises as to whether or not appellant had a lien upon the check which came into his possession, and upon the funds which it represented in appellee bank. The check was the property of appellees Walsh, was made payable to them, and, without indorsement by them, neither appellant nor any other person could have collected anything upon the check. The certification of the check by the bank did not vest appellant with any title to or interest in the check other or different than he had before such certification took place. He retained the check in his possession. The certification of the bank amounted, in effect, to an acceptance by the bank, and bound the bank to pay the check, upon presentation, to the party entitled to the funds. This could be none other, however, than the payee named in the check,

or an indorsee. The certification gave to appellant no title to the check, nor did such act of certification alone give appellant any lien upon the funds in the bank upon which the check was drawn.

Appellant contends, however, at this point, that he notified the bank, at the time the check was presented for certification, that he had a lien upon the funds represented by the check. Appellant was a stranger to said written instrument. His notification to the bank, at the time, that he claimed a lien, as a broker, upon the funds, could not create such a lien which the bank was bound to protect. Here was an outstanding check, drawn by a drawer who had funds in the bank. The check was made payable to the order of a certain named payee. The bank certified that the drawer had funds on hand to the amount of the check, and the effect of the certification was that the check, when duly indorsed and presented for payment, would be paid. It being conceded that appellant was the agent of the payee of the check for the purpose of obtaining the certification thereof, he could not, by a notice to the bank that he claimed a lien upon the funds of that check, prevent the bank from paying the check in full, after certification, to *any* legal owner thereof who presented it for payment. The bank could legally and properly refuse payment to any person other than the original payees of the check or their indorsee. Appellant was not such indorsee. Even if we concede that, as between appellant and his principal, he might have had a lien on the funds if they came into his hands, he could not, by such notice to the bank, create a lien against the funds which were still in the hands of the bank, and subject only to be withdrawn upon the presentation of a proper check. Appellant was not a transferee of the check, nor could he draw any funds from the bank thereon, though the same was in his possession, without the indorsement of the payees. The check had not been negotiated to appellant.

Section 9490, Code of 1924, is as follows:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder, completed by delivery."

The fact that appellant had the check in his possession and presented it to the bank for the purpose of certification did not make him a holder of the check, in the sense of the Negotiable Instrument Act, or a transferee thereof. Any person having possession of the check might have presented it for certification, and the bank could properly have certified the same; but the funds could only be withdrawn upon the presentation of the check properly indorsed for payment.

At this point we hold that appellant, if he had a lien upon the check which came into his possession, and which was payable to Walsh, had no lien upon the funds in the hands of appellee bank, nor did he create such lien by notice to the bank, nor was he in any position to assert such a lien against the funds by the mere procurement of the certification of the check. He could in no wise draw the funds on said check without indorsement thereof by the payee, or other legal transfer to him. This he did not have, and never obtained.

We are not concerned in this case with any inquiries as to what remedies, if any, may be available to appellant. Our sole inquiry at this point is as to whether or not appellant has an enforcible lien against the funds in the hands of appellee bank which he can enforce to the extent of the commission due him from appellees Walsh. It being conceded, for the sake of the argument, that a broker may have a lien upon any money or property that comes into his possession by virtue of his employment, and which belongs to his principal, the only thing that came into appellant's possession by virtue of his employment that belonged to his principal was a check which is payable to his principal, and which the bank has accepted as being valid, and which the bank has bound itself to pay to a legal holder thereof, upon presentation. Appellant, not being a transferee of said check by indorsement of the payee, is not in a position to demand payment upon the mere presentation of the check. His notice to the bank of his claim of a lien upon the funds in the bank represented by the check did not give him any lien upon said funds, nor constitute an assignment of the same, nor prevent the bank from paying the full amount of the check to

the person entitled thereto, upon due presentation of the check. The decree of the trial court will be—*Affirmed.*

STEVENS, DE GRAFF, VERMILION, and ALBERT, JJ., concur.